UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA ROBERTS,<br><br>        Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 2:15-cv-01181-KLS<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE COURT'S ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) |

   This matter is before the Court on defendant's motion to alter or amend the Court's order granting plaintiff's request for attorney fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA).[1] For the reasons set forth below, that motion is denied.

   Under Federal Rule of Civil Procedure (Rule) 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[2] The district court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)."[3] It may grant a Rule 59(e) motion when "'necessary to correct *manifest errors of law or fact upon which the judgment is based*.'"[4]

   In opposing plaintiff's request for attorney fees, defendant argued an award of fees was

---

[1] Dkt. 28, 29.

[2] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

[3] *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

[4] *Id.* (emphasis in original) (citation omitted).

ORDER - 1

unjust because in at least six recent cases including this one, plaintiff's attorney submitted identical billing itemizations, despite the fact that each case involved different size administrative records.[5] The Court declined to reduce plaintiff's fee request, noting that while the billing itemization plaintiff's attorney submitted was the same as the others, there did not appear to be any intent to deceive either the Court or the government.

The Court further noted plaintiff's attorney submitted what seemed to be a reasonable approximation of the lowest amount of work time spent, that the number of hours requested was not unreasonably high in light of the size of the administrative record in the case at hand, and that in regard to those cases with even larger records plaintiff's attorney likely received less fees than he would have been entitled to otherwise. In addition, the Court pointed out the importance of keeping in mind that plaintiff had achieved substantial success by prevailing in this matter, and that a compete fee reduction would unduly penalize her attorney for his effort on her behalf. Because defendant did not suggest any amount other than reducing the entire request to zero, the Court found granting the fee request in this case would not be unjust.

In her motion to alter or amend, defendant argues the statutory language of the EAJA "explicitly requires an attorney's 'itemized statement' to show the 'actual time expended.'"[6] Because plaintiff's attorney conceded the itemized statements he submitted "did not state *the actual time expended* on all of the aforementioned cases pursuant to 28 U.S.C. § 2412(d)(1)(B)," but "merely entered what he 'believed' would avoid an overestimation of the actual time spent,"[7] defendant asserts the entire fee request should be denied. In fact, plaintiff's attorney stated that he "put what he believed to be *a minimal limit* on the amount of time he would request on any of

---

[5] Dkt. 26; Dkt. 26-1.

[6] Dkt. 29, p. 3 (quoting 28 U.S.C. § 2412(d)(1)(B)) (emphasis added).

[7] *Id.* (quoting Dkt. 27, p. 3) (emphasis in original by plaintiff's attorney).

ORDER - 2

these cases to be certain to be *less than the actual amount of time spent*."[8]

Nothing in the language of 28 U.S.C. § 2412(d)(1)(B), however, expressly requires that the itemized statement be *exact*. That language, furthermore, should be read in context with the statute as a whole. For example, 28 U.S.C. § 2412(d)(1)(A) provides that "[e]xcept as otherwise *specifically* provided by statute, a court shall award to a prevailing party . . . fees . . unless the court finds that . . . special circumstances make an award unjust." As there was no indication that the billing itemizations were offered in an attempt to deceive or for improper purposes or were not drafted in a manner designed to ensure no overbilling occurred, the Court determined such special circumstances did not exist. Indeed, as noted above, plaintiff's attorney stated he put the amount of time he believed would be less than the actual amount spent.

Defendant relies on the Ninth Circuit's decision in *Hardisty v. Astrue* to argue 28 U.S.C. § 2412(d)(1)(B) should be "construed strictly," because the EAJA "amounts to a partial waiver of sovereign immunity," and "[w]aivers of immunity . . . must be construed strictly in favor of the sovereign, and not enlarge[d] . . . beyond what the language requires."[9] First, as noted above, the language of 28 U.S.C. § 2412(d)(1) does not *require* the strict interpretation that defendant seemingly seeks to impart to it – namely the exact amount of time plaintiff's attorney spent on the matter, no more and no less. Rather, it reasonably can be read as prohibiting payment of fees for work not actually performed. Limiting fee awards to *no more than* the actual amount of time spent would do so.

Second, reading the statutory language as defendant would have the Court do potentially could conflict with the language of 28 U.S.C. § 2412(d)(1)(A) noted above, particularly in those instances where errors in billing itemizations are truly inadvertent or minimal. Third, in *Hardisty*

---

[8] Dkt. 27, p. 3 (emphasis added).

[9] 592 F.3d 1072, 1077 (9th Cir. 2010) (quoting *Ruckelshous v. Sierra Club*, 463 U.S. 680, 685-86 (1983)).

ORDER - 3

the issue was not the "actual time expended" language of 28 U.S.C. § 2412(d)(1)(B), but whether the fee-shifting provisions of the EAJA "extends . . . to issues not adjudicated" by the district court.[10] The Ninth Circuit found nothing in the EAJA did so, noting the language of 28 U.S.C. § 2412(d)(1)(A) provided "no indication" that attorney fees should be awarded with regard to such issues.[11] The Court of Appeals went on to state that given that waivers of immunity should be construed strictly in favor of the sovereign, there were "good reasons for denial of attorney's fees *in situations regarding which the EAJA is silent*."[12]

The EAJA, however, is not silent either as to the issue of billing itemization or to awards of attorney fees *absent* special circumstances making such awards unjust. Defendant also argues *Hensley v. Echerhart* supports a complete reduction in attorney fees. In that case, the Supreme Court stated that "the fee applicant bears the burden of . . . documenting the appropriate hours expended."[13] As defendant points out, it further stated that the fee applicant "should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."[14]

But plaintiff's attorney did document – and exercised billing judgment with respect to – what he believed to have been an appropriate amount of hours given the situation at hand. And while all concerned acknowledge that the billing itemization do not reflect the exact amount of time plaintiff's attorney spent, there was a sufficient basis upon which the Court could determine the reasonableness thereof. Further, the *Hensley* Court went on to state that "[p]laintiff's counsel, of course, *is not required to record in great detail* how each minute of his time was expended,"

---

[10] *Id.*

[11] *Id.*

[12] *Id.* (emphasis added).

[13] 461 U.S. 424 , 437 (1983).

[14] *Id.* (internal citations omitted).

ORDER - 4

Case 2:15-cv-01181-KLS   Document 31   Filed 08/01/16   Page 5 of 5

but "should identify the general subject matter of his time expenditures," and "reemphasize[d] that the district court has discretion in determining the amount of a fee award."[15] The Court has done so in this case, and for all of the foregoing reasons finds no basis for reversing the award of fees to plaintiff's attorney. Accordingly, defendant's motion is DENIED.

DATED this 1st day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[15] *Id.* at 437 and n.12 (emphasis added).

ORDER - 5